*Notice of Removal*
*Exhibit A*

## IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO

|  |  |  |
|---|---|---|
| CHRISTINE DOUGLASS<br>624 WETMORE ROAD<br>COLUMBUS, Ohio 43214 | : | |
| | : | |
| and | : | |
| | : | **06CVC12 16794** |
| JOHN J. DOUGLASS, IV<br>624 WETMORE ROAD<br>COLUMBUS, OHIO 43214 | : | |
| | : | |
| and | : | |
| | : | |
| CHRISTINE DOUGLASS as<br>mother and next friend of<br>SAMANTHA DOUGLASS, a minor<br>624 WETMORE ROAD<br>COLUMBUS, OHIO 43214 | : | |
| | : | |
| and | : | |
| | : | |
| CHRISTINE DOUGLASS, as<br>mother and next friend of<br>JESSICA DOUGLASS, a minor<br>624 WETMORE ROAD<br>COLUMBUS, OHIO 43214 | : | CASE NO. |
| | : | |
| and | : | **COMPLAINT WITH JURY** |
| | : | |
| CHRISTINE DOUGLASS, as<br>mother and next friend of<br>ELIZABETH DOUGLASS, a minor<br>624 WETMORE ROAD<br>COLUMBUS, OHIO 43214 | : | **DEMAND ENDORSED HEREON** |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| TRACI M. SHAW<br>399 WALHALLA ROAD<br>COLUMBUS, OHIO  43202 | : | |
| | : | |
| and | : | |



1

```
                                    :
POLICE CHIEF JAMES G. JACKSON :
c/o CITY OF COLUMBUS             :
POLICE DEPARTMENT               :
120 MARCONI BOULEVARD           :
COLUMBUS, OHIO  43215           :
                                    :
and                             :
                                    :
COLUMBUS POLICE DEPARTMENT       :
120 MARCONI BOULEVARD           :
COLUMBUS, OHIO  43215           :
                                    :
and                             :
                                    :
CITY OF COLUMBUS                :
c/o MAYOR MICHAEL B. COLEMAN     :
CITY HALL, SECOND FLOOR         :
90 WEST BROAD STREET            :
COLUMBUS, OHIO  43215           :
                                    :
and                             :
                                    :
JOHN AND JANE DOES #1-10        :
NAMES AND ADDRESSES UNKNOWN      :
Also serve c/o COLUMBUS          :
POLICE DEPARTMENT               :
120 MARCONI BOULEVARD           :
COLUMBUS, OHIO  43215           :
                                    :
     DEFENDANTS.                :
```

---

## COMPLAINT WITH JURY DEMAND ENDORSED HEREON

---

Now come the Plaintiffs, by and through counsel, and
for their Complaint, state as follows:

### THE PARTIES

1.   Plaintiffs Christine Douglass, John J. Douglass, IV,

     Samantha Douglass, Jessica Douglass, and Elizabeth

2

Douglass at all times relevant herein reside in the City of Columbus, Franklin County, Ohio.

2.  Defendant Traci M. Shaw (hereafter "Officer Shaw" or "Shaw"), is and at all times pertinent hereto was an officer of the City of Columbus Police Department. The acts of Defendant Shaw which are the subject of the Complaint were undertaken in the regular course of her employment for Defendant City of Columbus. She is being sued in both her individual and official capacity. She is and at all times pertinent hereto was a resident of Franklin County, Ohio.

3.  At all times pertinent hereto Defendant James G. Jackson (hereafter "Jackson" or "Chief Jackson") was the Police Chief for the City of Columbus Police Department. As such, he was the responsible party for supervising, training, instruction, discipline, control, and conduct of Defendant Shaw and Defendants John Doe and Jane Doe #1-10. He was also charged with promulgating all orders, rules, instructions, and regulations of the City of Columbus Police Department, including but not limited to those orders, rules, instructions and regulations concerning the use of force and of

3

deadly weapons. He was also charged with promulgating all orders, rules, instructions, and regulations of the City of Columbus Police Department regarding procedures to be implemented when police officers have interactions with citizens while those officers are both off duty and on duty at the time of interaction. Upon information and belief, Chief Jackson is a resident of Franklin County, Ohio.

4. Defendant City of Columbus (hereinafter "Columbus") is a municipal corporation and/or political subdivision of the State of Ohio and at the time of the events in question was the employer of Defendants Shaw, Jackson and John and Jane Doe #1-10. Defendant City of Columbus is charged with and responsible for appointing and promoting, through Mayor Michael B. Coleman, the members of the City of Columbus Police Department and for the supervision, training, instruction, discipline, control and conduct of the City of Columbus Police Department and its personnel. At all times relevant hereto, Defendant Columbus had the power, right, and duty to control the manner in which the individual defendants carried out the objectives of their

employment and to see that all orders, rules, instructions, and regulations promulgated for the Columbus Police Department were consistent with the Constitution and the laws of the City of Columbus.

5.  Defendants John and Jane Doe #1-10 are unknown Defendant Columbus Police Officers who either participated in and/or failed to prevent the torts hereinafter described from occurring. The unlawful conduct of these as yet unknown officers resulted in the denial of Plaintiffs' Constitutional and civil rights.

BACKGROUND INFORMATION AND FACTS COMMON TO ALL COUNTS

6.  On or about December 21, 2005 at approximately 5:55 p.m., Plaintiffs pulled into the parking lot of Weiland's Gourmet Market, located at 3600 Indianola Avenue in Columbus Ohio in order to purchase a pie.

7.  Plaintiff Christine Douglass exited the vehicle, which was still running, but stopped, and proceeded into the store to purchase said pie, while her husband, John and three daughters Elizabeth, Jessica, and Samantha remained in the vehicle singing Christmas carols.

8.  Shortly after stopping the vehicle at the entrance of Weiland's, Defendant Traci M. Shaw, who was both

5

an Officer for the Columbus Police Department and upon information and belief off duty at the time as she was in plain clothes, approached the driver's side window of the Douglass vehicle and began to knock on the window. Plaintiff John Douglass ignored the knocks and continued to sing carols with his children. Defendant Shaw continued to knock and would not go away. Plaintiff John Douglass proceeded to crack the window and was erroneously told by Defendant Shaw that he was in a handicapped spot.

9. Upon information and belief, Weiland's closed at 6:00 p.m. on the date in question.

10. Plaintiff Douglass responded that he wasn't parked in a handicapped spot but she could feel free to call the FBI.

11. Plaintiff John Douglass then exited the vehicle and went into Weilands to locate his wife, Christine.

12. Plaintiff John Douglass then got back into the vehicle and backed it up into a marked parking space behind where the vehicle was then running.

13. When Plaintiff John Douglass saw his wife was done getting the pie and about to exit the store, he got out of the vehicle again in an effort to protect her

6

from Defendant Shaw, whom he believed to be a homeless person.

14. Plaintiff Douglass told Defendant Shaw that he "moved his car now" and a discussion was had wherein Defendant Shaw identified herself as the "Police" and proceeded to mace Plaintiff John Douglass in the face and other parts of his body.

15. At or about the time Plaintiff John Douglass was being maced, Plaintiff Christine Douglass emerged from Weiland's.

16. At or about this time, John and Jane Doe #1-10 arrived and proceeded to detain and arrest Plaintiff John Douglass. Without giving Plaintiff adequate time to comply with their instructions, and while preventing him from complying Jane and John Doe #1-10 stood with their feet on Plaintiff John Douglass's neck, throat, face and head onto the surface of the parking lot.

17. As a result of the blows to Plaintiff's neck, head, shoulders, back and arms, Plaintiff sustained abrasions, bruising, and other injuries to his body.

18. At the time Defendant John or Jane Doe #1-10 used excessive force against Plaintiff, Plaintiff was

already on the ground and posed no immediate danger to said Defendants.

19. The force applied by Defendant John or Jane Doe #1-10 was excessive, unnecessary, and unjustified.

20. Plaintiff Christine Douglass told the officers (John and Jane Doe #1-10) to stop because her husband had hardware in his neck from a previous neck surgery and that they were going to hurt or kill him.

21. John and Jane Doe #1-10 proceeded to tell Christine Douglass "if you don't shut up we will be taking you to jail and your kids to Children's Services".

22. At or about this time, Christine Douglass was put into handcuffs and placed in the back of a cruiser.

23. Plaintiff Christine Douglass was falsely detained and/or imprisoned by the actions of John and Jane Doe #1-10. Moreover, the force used by said Defendants to falsely detain her was excessive, unnecessary and unjustified. Said force also left Plaintiff Christine Douglass with visible injuries on her arms, hands, and wrists.

24. Defendant John and Jane Doe #1-10 exhibited conduct and acted in a way that violated certain standard operating procedures of the City of Columbus Police Department, certain procedures outlined in the

8

Columbus Police Department Operations Manual, and other law enforcement standards.

25. Defendant Columbus Police Department and City of Columbus inadequately and/or improperly trained, and or failed to train Defendant Shaw and Defendant John and Jane Doe #1-10 with respect to the proper use of force and/or the proper actions to be taken both while off duty or on duty and actions to be taken to obtain an arrestee's compliance with an instruction or to obtain cooperation from an uncooperative arrestee, and or the proper procedure for assisting arrestees who alert them of medical conditions.

26. Defendants' actions and or omissions were pursuant to a policy, practice and or custom of inadequate supervision of Columbus Police Officers including the supervision of officers in situations such as that described above.

FIRST CLAIM FOR RELIEF: VIOLATION OF 42 U.S.C. §1983 BY DEFENDANTS SHAW and DEFENDANT JOHN AND JANE DOE #1-10 AGAINST JOHN DOUGLASS.

27. Plaintiffs reallege paragraphs one through twenty Six (1-26) as if fully restated herein and further allege Defendants Shaw and John and Jane Doe #1-10

(hereafter "JD") applied excessive force to Plaintiff John Douglass by assaulting him.

28. Defendant Shaw and JD's conduct violated Plaintiff's rights guaranteed by the United States Constitution, including but not limited to the Fourth, Fifth, and Fourteenth Amendments.

29. Defendants Shaw and JD further caused Plaintiff to be arrested and or detained without probable cause in violation of his right to be free from unreasonable searches and seizures governed by the Fourth Amendment to the United States Constitution.

30. Defendants Shaw and JD are liable to Plaintiff both individually and in their official capacity.

31. The assault and arrest and/or detention of Plaintiff deprived him of rights secured by the laws of the United States of America and the United States Constitution.

32. Defendants Shaw and JD deprived Plaintiff of these aforementioned rights under color of law.

33. The assault and arrest and/or detention of Plaintiff violated 42 U.S.C. §1983.

34. The actions of Defendants Shaw and JD were malicious, willful, wanton, and displayed a reckless disregard for Plaintiff's welfare.

35. As a direct and proximate result of these unlawful actions, Plaintiff has suffered severe physical and emotional harm for which he may never fully recover.

36. As a direct and proximate result of these unlawful actions, Plaintiff has incurred expenses for necessary medical and rehabilitative services and will continue to incur said expenses into the future.

SECOND CLAIM FOR RELIEF: VIOLATION OF 42 U.S.C. §1983 BY DEFENDANTS SHAW and DEFENDANT JOHN AND JANE DOE #1-10 AGAINST CHRISTINE DOUGLASS.

37. Plaintiffs reallege paragraphs one through thirty Six (1-36) as if fully restated herein and further allege Defendants Shaw and John and Jane Doe #1-10 (hereafter "JD") applied excessive force Plaintiff Christine Douglass by assaulting her and falsely detaining her.

38. Defendant Shaw and JD's conduct violated Plaintiff's rights guaranteed by the United States Constitution, including but not limited to the Fourth, Fifth, and Fourteenth Amendments.

39. Defendants Shaw and JD further caused Plaintiff to be arrested and or detained without probable cause in violation of her right to be free from

11

unreasonable searches and seizures governed by the
Fourth Amendment to the United States Constitution.

40. Defendants Shaw and JD are liable to Plaintiff both
individually and in their official capacity.

41. The assault and arrest and/or detention of Plaintiff
deprived her of rights secured by the laws of the
United States of America and the United States
Constitution.

42. Defendants Shaw and JD deprived Plaintiff of these
aforementioned rights under color of law.

43. The assault and arrest and/or detention of Plaintiff
violated 42 U.S.C. §1983.

44. The actions of Defendants Shaw and JD were
malicious, willful, wanton, and displayed a reckless
disregard for Plaintiff's welfare.

45. As a direct and proximate result of these unlawful
actions, Plaintiff has suffered severe physical and
emotional harm for which she may never fully
recover.

46. As a direct and proximate result of these unlawful
actions, Plaintiff has incurred expenses for
necessary medical and rehabilitative services and
will continue to incur said expenses into the
future.

THIRD CLAIM FOR RELIEF: VIOLATION OF 42 U.S.C. §1983 BY CITY OF COLUMBUS and COLUMBUS POLICE DEPARTMENT AGAINST JOHN DOUGLASS.

47.  Plaintiffs reallege paragraphs one through forty six (1-46) as if fully restated herein and further allege the violations of Plaintiff's constitutional rights as described herein was the direct result of Defendant Columbus and Defendant Columbus Police Department's (hereafter "CPD") custom, practice and/or policy in that CPD officers are inadequately trained, improperly trained, and inadequately or improperly supervised. It failed to adequately and properly train and/or supervise its officers to ensure they adhere to proper police procedures, Columbus and the CPD acted with deliberate indifference towards the constitutional rights of Plaintiff.

48.  Because of Columbus and CPD's policies, procedures, patterns, practices, and customs including but not limited to training, supervision, investigation, and discipline of CPD officers, Defendants Columbus and CPD are liable to Plaintiff pursuant to 42 U.S.C. §1983.

49. As a direct and proximate result of the unlawful conduct of Columbus and CPD and its employees and/or agents, Plaintiff John Douglass has suffered permanent physical and emotional injuries, have incurred necessary and reasonable medical expenses and will continue to incur said expenses and damages into the future.

FOURTH CLAIM FOR RELIEF: VIOLATION OF 42 U.S.C. §1983 BY CITY OF COLUMBUS and COLUMBUS POLICE DEPARTMENT AGAINST CHRISTINE DOUGLASS.

50. Plaintiffs reallege paragraphs one through forty nine (1-49) as if fully restated herein and further allege the violations of Plaintiff's constitutional rights as described herein was the direct result of Defendant Columbus and Defendant Columbus Police Department's (hereafter "CPD") custom, practice and/or policy in that CPD officers are inadequately trained, improperly trained, and inadequately or improperly supervised. It failed to adequately and properly train and/or supervise its officers to ensure they adhere to proper police procedures, Columbus and the CPD acted with deliberate indifference towards the constitutional rights of Plaintiff.

51. Because of Columbus and CPD's policies, procedures, patterns, practices, and customs including but not limited to training, supervision, investigation, and discipline of CPD officers, Defendants Columbus and CPD are liable to Plaintiff Christine Douglass pursuant to 42 U.S.C. §1983.

52. As a direct and proximate result of the unlawful conduct of Columbus and CPD and its employees and/or agents, Plaintiff has suffered permanent physical and emotional injuries, have incurred necessary and reasonable medical expenses and will continue to incur said expenses and damages into the future.

FIFTH CLAIM FOR RELIEF: ASSAULT AND BATTERY UPON JOHN DOUGLASS BY DEFENDANTS SHAW AND JD.

53. Plaintiffs reallege paragraphs one through thirty fifty two (1-52) as if fully restated herein and further allege that on December 21, 2005, Plaintiff John Douglass was sprayed with mace in the face and other parts of his body by Defendant Shaw.

54. Defendant JD continued to stomp on Plaintiff's head and neck and violently throw his body around in an official police vehicle.

55. Defendant Shaw and JD's conduct constituted a willful threat or an attempt to harm or touch

15

Plaintiff John Douglass offensively, and the threat and/or attempt placed him in fear of such contact.

56. In using excessive force and by spraying him with mace, Defendants Shaw and JD intended to cause and in fact did cause harmful and/or offensive contact with Plaintiff John Douglass.

57. Defendants Shaw and JD assaulted and committed a battery upon Plaintiff Jack Douglass.

58. The actions of Defendants Shaw and JD were malicious and/or willful and/or wanton and/or displayed a reckless disregard for Plaintiff's welfare.

59. As a direct, proximate and foreseeable result of Defendants Shaw and JD's conduct, Plaintiff John Douglass suffered permanent and severe emotional and physical harm and other injuries described herein.

SIXTH CLAIM FOR RELIEF: ASSAULT AND BATTERY UPON CHRISTINE DOUGLASS BY DEFENDANT JD.

60. Plaintiffs reallege paragraphs one through fifty nine (1-59) as if fully restated herein and further allege that on December 21, 2005, Plaintiff Christine Douglass was unlawfully and forcibly placed in handcuffs

61. Defendant JD continued to place her in handcuffs despite no legal reason to do so and against her will.

62. Defendant JD's conduct constituted a willful threat or an attempt to harm or touch Plaintiff Christine Douglass offensively, and the threat and/or attempt placed her in fear of such contact.

63. In using excessive force and detaining and/or arresting her, Defendant JD intended to cause and in fact did cause harmful and/or offensive contact with Plaintiff Christine Douglass.

64. Defendant JD assaulted and committed a battery upon Plaintiff Christine Douglass.

65. The action of Defendant JD was malicious and/or willful and/or wanton and/or displayed a reckless disregard for Plaintiff's welfare.

66. As a direct, proximate and foreseeable result of Defendant JD's conduct, Plaintiff Christine Douglass suffered permanent and severe emotional and physical harm and other injuries described herein.

SEVENTH CLAIM FOR RELIEF: FALSE IMPRISONMENT/DETAINMENT AGAINST CHRISTINE DOUGLASS BY DEFENDANT JD.

67. Plaintiffs reallege paragraphs one through sixty six (1-66) as if fully restated herein and further

allege that on December 21, 2005, Defendant JD placed Christine Douglass in handcuffs and into a police vehicle.

68. By the virtue of being in handcuffs and in a police vehicle, Plaintiff Christine Douglass was sufficiently being confined by Defendant JD so as to constitute false imprisonment.

69. Defendant JD intentionally confined Plaintiff Christine Douglass without lawful privilege and against her consent, within a limited area, for an appreciable amount of time.

70. As a direct, proximate and foreseeable result of Defendant JD's conduct, which constituted false imprisonment/detainment, Plaintiff Christine Douglass suffered permanent and severe emotional and physical harm and other injuries described herein.

EIGHTH CLAIM FOR RELIEF: EXCESSIVE FORCE

71. Plaintiffs reallege paragraphs one through seventy (1-70) as if fully restated herein and further allege in the course of confronting both Plaintiff John Douglass and Plaintiff Christine Douglass, Defendants Shaw and JD used force which was clearly excessive and objectively unreasonable under the circumstances existing at the time.

18

72. Defendants Shaw and JD used said excessive force with the intent to cause unnecessary harm to Plaintiffs, which in fact, occurred.

73. Defendants Shaw and JD's assaults and their use of excessive force against Plaintiffs violated Plaintiffs' rights under the Fourth Amendment to the United States Constitution protecting Plaintiffs from unreasonable searches and seizures, and their rights under the Fourteenth Amendment of the United States Constitution which guarantees Plaintiffs due process of law. The Defendant's conduct violates laws that were clearly established as of December 21, 2005.

74. The seizures of Plaintiffs with the use of excessive force were made under the color of state law.

75. Defendants are liable to Plaintiffs in their individual and their official capacities.

76. As a direct and proximate result of these unlawful actions, Plaintiffs have suffered severe physical and emotional harm for which they may never fully recover.

77. As a direct and proximate result of these unlawful actions, Plaintiffs have incurred expenses for necessary medical and rehabilitative services and

19

will continue to incur said expenses into the future.

NINTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

78. Plaintiffs reallege paragraphs one through seventy seven (1-77) as if fully restated herein and further allege the violations of Plaintiffs' constitutional and civil rights as described herein was the direct result of Defendant Columbus's custom, practice, policy and/or procedure in that CPD officers are inadequately trained and have been led by Columbus to believe they can, without impunity, subject individuals to excessive force, and therefore, harass, intimidate and threaten individuals pursuant to the persistent action, practice and/or policies of the City that the officers will be immune from discipline, reprimand, or prosecution for violating constitutional and/or civil rights of the citizens of Columbus.

79. Because of its policies, procedures, patterns, practices, and customs, including but not limited to training, supervision, investigation, and discipline of CPD police officers, Defendant Columbus is liable to Plaintiffs pursuant to 42 USC §1983.

80. Defendant Columbus is also liable to Plaintiffs pursuant to the doctrine of respondeat superior for the acts and omissions of its employees, servants, and agents acting within the course and scope of their employment or agency under the City's direction, control, supervision, and/or furtherance of the City's business.

81. As a direct and proximate result of these unlawful actions, Plaintiffs have suffered severe physical and emotional harm for which they may never fully recover.

82. As a direct and proximate result of these unlawful actions, Plaintiffs have incurred expenses for necessary medical and rehabilitative services and will continue to incur said expenses into the future.

TENTH CLAIM FOR RELIEF:  NEGLIGENCE

83. Plaintiffs reallege paragraphs one through eighty two (1-82) as if fully restated herein and further allege all Defendants owed a duty of reasonable care to Plaintiffs and failed to exercise reasonable care in their investigation and false imprisonment of Plaintiff Christine Douglass and in the

21

investigation and subsequent incarceration of Plaintiff John Douglass.

84. Defendants at all times acted with actual malice or with wanton and reckless disregard to the welfare of Plaintiffs.

85. As a direct and proximate result of these unlawful actions, Plaintiffs have suffered severe physical and emotional harm for which they may never fully recover.

86. As a direct and proximate result of these unlawful actions, Plaintiffs have incurred expenses for necessary medical and rehabilitative services and will continue to incur said expenses into the future.

ELEVENTH CLAIM FOR RELIEF: NEGLIGENT TRAINING AND SUPERVISION BY DEFENDANT COLUMBUS, CPD AND CHIEF JACKSON

87. Plaintiffs reallege paragraphs one through eighty six (1-86) as if fully restated herein and further allege that Defendants CPD and Jackson negligently caused the above described injuries to Plaintiffs by failing to properly train, supervise, and control the conduct of Defendants Shaw and JD.

88. Defendant Columbus negligently caused the above described injuries to Plaintiffs by failing to

properly train, supervise, and control the conduct of Defendants Shaw and JD.

89. Defendant Columbus, as the employer of Defendants Jackson, Shaw and JD, is liable under the doctrine of respondeat superior for the tortious conduct of the individual Defendants.

TWELFTH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINTS PLAINTIFFS CHRISTINE, SAMANTHA, ELIZABETH, and JESSICA DOUGLASS

90. Plaintiffs reallege paragraphs one through eighty nine (1-89) as if fully restated herein and further allege that Shaw and JD acted in an extreme and outrageous manner with regard to the excessive force, assault, battery, and false imprisonment committed upon Christine Douglass, and acted intentionally and with reckless disregard for the Plaintiffs' welfare, and inflicted severe and permanent emotional distress on Plaintiffs.

91. The conduct of Defendants Shaw and JD was so extreme and outrageous that it was utterly intolerable and exceeded the bounds of decency.

92. Plaintiffs Samantha, Jessica, and Elizabeth Douglass, the minor children of Plaintiffs Christine and John Douglass, at all times relevant herein,

23

were within the zone of danger. Christine Douglass, as Mother and Next Friend of her minor daughters, brings their claims on their behalf.

93. Defendants Jackson and CPD caused the above referenced damages to the Plaintiffs by failing to properly train, supervise, and control the conduct of Shaw and JD.

94. Defendant Columbus, as the employer of Defendants Shaw, Jackson, and JD, is liable under the doctrine of respondeat superior for the tortuous conduct of the individual defendants.

95. Defendants Shaw and JD's and other Defendants' conduct proximately caused emotional injury to Plaintiffs.

96. The mental anguish suffered by Plaintiffs is of a nature that no reasonable person should be or can be expected to endure.

97. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered severe and substantial emotional distress which includes extreme depression, post traumatic stress disorder, and the manifestation of physical illness.

THIRTEENTH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINTS PLAINTIFF JOHN DOUGLASS

98. Plaintiffs reallege paragraphs one through ninety seven (1-97) as if fully restated herein and further allege that Shaw and JD acted in an extreme and outrageous manner with regard to the excessive force, assault, battery, and false imprisonment committed upon John Douglass, and acted intentionally and with reckless disregard for his welfare, and inflicted severe and permanent emotional distress on Plaintiff.

99. The conduct of Defendants Shaw and JD was so extreme and outrageous that it was utterly intolerable and exceeded the bounds of decency.

100. Defendants Jackson and CPD caused the above referenced damages to Plaintiff by failing to properly train, supervise, and control the conduct of Shaw and JD.

101. Defendant Columbus, as the employer of Defendants Shaw, Jackson, and JD, is liable under the doctrine of respondeat superior for the tortuous conduct of the individual defendants.

102. Defendants Shaw and JD's and other Defendants' conduct proximately caused emotional injury to Plaintiff.

25

103. The mental anguish suffered by Plaintiff is of a nature that no reasonable person should be or can be expected to endure.

104. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff John Douglass has suffered severe and substantial emotional distress which includes extreme depression, post traumatic stress disorder, and the manifestation of physical illness.

FOURTEENTH CLAIM FOR RELIEF: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST PLAINTIFFS CHRISTINE, JESSICA, ELIZABETH, AND SAMANTHA DOUGLASS.

105. Plaintiffs reallege paragraphs one through one hundred four (1-104) as if fully restated herein and further allege that Shaw and JD acted in an extreme and outrageous manner with regard to the excessive force, assault, battery, and false imprisonment committed upon Christine Douglass, and acted negligently towards Plaintiffs' welfare, and as a result, inflicted severe and permanent emotional distress on Plaintiffs.

106. The conduct of Defendants Shaw and JD was so extreme and outrageous that it was utterly intolerable and exceeded the bounds of decency.

107. Plaintiffs Samantha, Jessica, and Elizabeth Douglass, the minor children of Plaintiffs Christine and John Douglass, at all times relevant herein, were within the zone of danger during all acts. Christine Douglass, as Mother and Next Friend of her minor daughters, brings their claims on their behalf.

108. Defendants Jackson and CPD caused the above referenced damages to the Plaintiffs by failing to properly train, supervise, and control the conduct of Shaw and JD.

109. Defendant Columbus, as the employer of Defendants Shaw, Jackson, and JD, is liable under the doctrine of respondeat superior for the tortuous conduct of the individual defendants.

110. Defendants Shaw and JD's and other Defendants' conduct proximately caused emotional injury to Plaintiffs.

111. The mental anguish suffered by Plaintiffs is of a nature that no reasonable person should be or can be expected to endure.

112. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered severe and substantial emotional distress which includes

extreme depression, post traumatic stress disorder, and the manifestation of physical illness.

FIFTEENTH CLAIM FOR RELIEF: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST PLAINTIFF JOHN DOUGLASS

113. Plaintiffs reallege paragraphs one through one hundred twelve (1-112) as if fully restated herein and further allege that Shaw and JD acted in an extreme and outrageous manner with regard to the excessive force, assault, and battery upon John Douglass, and acted negligently towards Plaintiff's welfare, and as a result, inflicted severe and permanent emotional distress on Plaintiffs.

114. The conduct of Defendants Shaw and JD was so extreme and outrageous that it was utterly intolerable and exceeded the bounds of decency.

115. Defendants Jackson and CPD caused the above referenced damages to the Plaintiff by failing to properly train, supervise, and control the conduct of Shaw and JD.

116. Defendant Columbus, as the employer of Defendants Shaw, Jackson, and JD, is liable under the doctrine of respondeat superior for the tortuous conduct of the individual defendants.

117. Defendants Shaw and JD's and other Defendants' conduct proximately caused emotional injury to Plaintiff.

118. The mental anguish suffered by Plaintiff is of a nature that no reasonable person should be or can be expected to endure.

119. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered severe and substantial emotional distress which includes extreme depression, post traumatic stress disorder, and the manifestation of physical illness.

SIXTEENTH CLAIM FOR RELIEF:   PUNITIVE DAMAGES

120. Plaintiffs reallege paragraphs one through one hundred twenty (1-120) as if fully restated herein and further allege the acts and conduct alleged herein were committed by Defendants, individually and collectively, in violation of their legal duties to Plaintiffs and were committed intentionally, deliberately, and/or recklessly and with wanton and careless disregard for Plaintiffs' legal rights,

121. As a direct and proximate result of Defendant's deliberate and/or reckless misconduct, Plaintiffs have suffered severe physical and emotional harm for which they may never recover.

122. As a direct and proximate result of these unlawful actions, Plaintiffs have incurred expenses for necessary medical and rehabilitative services and will continue to incur such expenses.

**WHEREFORE,** Plaintiffs under all counts of the Complaint request Judgment for the following relief:

A. Grant injunctive and prospective relief ordering the City to require its officers to undergo additional training, education, and supervision so that CPD officers will be better prepared to act in a reasonable manner and to better protect citizens it may confront from the use of unlawful and excessive force and to discontinue future civil rights and constitutional violations;

B. Award Plaintiffs compensatory and punitive damages in excess of Twenty Five Thousand Dollars ($25,000.00) on each of the above counts and/or in an amount to be determined at trial plus interest at the highest rate allowed by law covering pre and post judgment interest;

C. Award Plaintiffs their attorneys fees and costs to prosecute this action; and

30

D.   Award such other and further relief as may be just and proper.

Respectfully submitted,

KEMP, SCHAEFFER, ROWE
& LARDIERE CO., LPA

BY: _____

Steven D. Rowe (0020475)
Darren A. McNair (0075073)
Attorneys for Plaintiffs
88 West Mound Street
Columbus, OH 43215
(614) 224-2678

## Jury Demand

Now come Plaintiffs, by and through their counsel, and hereby demand that the within matter be tried by a jury of eight (8).

Respectfully submitted,

KEMP, SCHAEFFER, ROWE
& LARDIERE CO., LPA

BY: _____

Steven D. Rowe (0020475)
Darren A. McNair (0075073)
Attorneys for Plaintiffs
88 West Mound Street
Columbus, Ohio 43215
(614) 224-2678