IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE DOUGLASS, et al., | : | |
| Plaintiffs, | : | Case No. 2:07 CV 00059 |
| v. | : | Judge Sargus |
| TRACI M. SHAW, et al. | : | Magistrate King |
| Defendants. | : | |

**DEFENDANTS' ANSWER**

In response to Plaintiffs' Complaint, Defendants Traci M. Shaw, Chief James G. Jackson, Columbus Police Department,[1] and City of Columbus ("Defendants") admit, deny, and aver as follows:

1. In response to Paragraph 1, Defendants admit upon information and knowledge that Plaintiffs resided in Franklin County on December 21, 2005. Defendants deny for lack of information and knowledge that Plaintiffs currently reside in Franklin County.

2. In response to Paragraph 2, Defendants admit Defendant Shaw is a resident of Franklin County. Defendants aver that Defendant Shaw is employed as a police officer for the City of Columbus. Defendants aver that during a portion of the incident referenced in Plaintiffs' lawsuit, Defendant Shaw was off-duty and therefore not in the regular course of her employment.

---

[1] In the caption of their case, Plaintiffs named the "Columbus Police Department" along with the "City of Columbus" as defendants. Plaintiffs' naming of defendants is redundant. The Division of Police is not sui juris. The City of Columbus is the appropriate designation for Defendant. See, Richardson v. Grady, 2000WL 1847588 (Ohio App. 8 Dist. 2000).

3. In response to Paragraph 3, Defendants admit Defendant Chief James Jackson is the Chief of Police for the City of Columbus and a resident of Franklin County. Defendants deny the remaining allegations of Paragraph 3.

4. In response to Paragraph 4, Defendants admit the City of Columbus is a political subdivision of the State of Ohio and the employer of Defendants Shaw and Chief Jackson. Defendants deny the remaining allegations of Paragraph 4 insofar as they are overly vague and general and call for legal conclusions.

5. In response to Paragraph 5, Defendants deny that any "torts" occurred or that Plaintiffs' rights were violated. The remaining allegations do not call for an admission or denial.

6. In response to Paragraph 6, Defendants admit the incidents referenced in Plaintiff's Complaint occurred on December 21, 2005 in the parking lot of Weiland's Market on Indianola Avenue in Columbus, Ohio. In response to the remaining allegations, Defendants deny Plaintiffs' intentions for lack of information and knowledge.

7. In response to Paragraph 7, Defendants admit Plaintiff Christine Douglass exited the vehicle and proceeded into Weiland's Market. Defendants admit Plaintiff John Douglass remained in his vehicle with children. Defendants deny the remaining allegations of Paragraph 7 for lack of information and knowledge.

8. In response to Paragraph 8, Defendants deny that Defendant Shaw stopped Plaintiffs' vehicle. Defendants admit that Defendant Shaw was off duty and in plain clothes. Defendants admit that Defendant Shaw knocked on the driver's side window of Plaintiffs' vehicle. Defendants admit that Defendant Shaw told

       Plaintiff, among other things, that he was parked in a handicapped space. Defendants deny the remaining allegations of Paragraph 8.

9. Defendants deny the allegations of Paragraph 9 for lack of information and knowledge.

10. Defendants deny the allegations of Paragraph 10.

11. Defendants deny the allegations of Paragraph 11 through 14.

12. In response to Paragraph 15, Defendants aver that Plaintiff Christine Douglass emerged from Weiland's shortly after Plaintiff John Douglass was maced.

13. In response to Paragraph 16, Defendants admit Columbus police officers arrived and arrested Plaintiff John Douglass. Defendants deny the remaining allegations of Paragraph 16.

14. Defendants deny the allegations of Paragraph 17 through 19.

15. In response to Paragraph 20, Defendants aver that Plaintiff Christine Douglass was shouting concerning her husband.  Defendants deny the exact words spoken by Plaintiff Christine Douglass.

16. Defendants deny the allegations of Paragraph 21.

17. In response to Paragraph 22, Defendants admit Plaintiff Christine Douglass was handcuffed and placed in a cruiser, but deny the sequence of events described in Plaintiffs' Complaint.

18. Defendants deny the allegations of Paragraph 23 through 26.

19. In response to Paragraph 27, Defendants restate their responses to Paragraphs 1 through 26 and deny the remaining allegations of Paragraph 27.

20. Defendants deny the allegations of Paragraph 28 through 36.

21. In response to Paragraph 37, Defendants restate their responses to Paragraphs 1 through 36. Defendants deny the remaining allegations of Paragraph 37.

22. Defendants deny the allegations of Paragraph 38 through 46.

23. In response to Paragraph 47, Defendants restate their responses to Paragraphs 1 through 46 and deny the remaining allegations of Paragraph 47.

24. Defendants deny the allegations of Paragraphs 48 through 49.

25. In response to Paragraph 50, Defendants restate their responses to Paragraphs 1 through 49 and deny the remaining allegations of Paragraph 50.

26. Defendants deny the allegations of Paragraphs 51 through 52.

27. In response to Paragraph 53, Defendants restate their responses to Paragraphs 1 through 52 and deny the remaining claims of Paragraph 53.

28. Defendants deny the allegations of Paragraphs 54 through 59.

29. In response to Paragraph 60, Defendants restate their responses to Paragraphs 1 through 59. Defendants admit Plaintiff Christine Douglass was placed in handcuffs, but deny the remaining allegations of Paragraph 60.

30. Defendants deny the allegations of Paragraphs 61 through 66.

31. In response to Paragraph 67, Defendants restate their responses to Paragraphs 1 through 66. Defendants admit Plaintiff Christine Douglass was handcuffed and placed in a cruiser.

32. Defendants deny the allegations of Paragraphs 68 through 70.

33. In response to Paragraph 71, Defendants restate their responses to Paragraphs 1 through 70. Defendants deny the remaining allegations of Paragraphs 71.

34. Defendants deny the allegations of Paragraphs 72 through 77.

35. In response to Paragraph 78, Defendants restate their responses to Paragraphs 1 through 77. Defendants deny the remaining allegations of Paragraphs 78.

36. Defendants deny the allegations of Paragraphs 79 through 82.

37. In response to Paragraph 83, Defendants restate their responses to Paragraphs 1 through 82. Defendants deny the remaining allegations of Paragraphs 83.

38. Defendants deny the allegations of Paragraphs 84 through 86.

39. In response to Paragraph 87, Defendants restate their responses to Paragraphs 1 through 86. Defendants deny the remaining allegations of Paragraphs 87.

40. Defendants deny the allegations of Paragraphs 88 through 89.

41. In response to Paragraph 90, Defendants restate their responses to Paragraphs 1 through 89. Defendants deny the remaining allegations of Paragraphs 90.

42. Defendants deny the allegations of Paragraph 91.

43. In response to Paragraph 92, Defendants admit, based upon information and knowledge, that Samantha, Jessica, and Elizabeth Douglass are the minor children of Plaintiffs Christine and John Douglass. Defendants aver that the actions of Plaintiff John Douglass, including his leaving the minor children in a vehicle with a gun, exposed them to danger. The remaining allegations of Paragraph 92 do not call for an admission or denial.

44. Defendants deny the allegations of Paragraphs 93 through 97.

45. In response to Paragraph 98, Defendants restate their responses to Paragraphs 1 through 97. Defendants deny the remaining allegations of Paragraphs 98.

46. Defendants deny the allegations of Paragraphs 99 through 104.

47. In response to Paragraph 105, Defendants restate their responses to Paragraphs 1 through 104.  Defendants deny the remaining allegations of Paragraphs 105.

48. Defendants deny the allegations of Paragraphs 106.

49. In response to Paragraph 107, Defendants restate their response to Paragraph 92.

50. Defendants deny the allegations of Paragraphs 108 through 112.

51. In response to Paragraph 113, Defendants restate their responses to Paragraphs 1 through 112.  Defendants deny the remaining allegations of Paragraphs 113.

52. Defendants deny the allegations of Paragraphs 114 through 119.

53. In response to Paragraph 120, Defendants restate their responses to Paragraphs 1 through 119.  Defendants deny the remaining allegations of Paragraphs 120.

54. Defendants deny the allegations of Paragraphs 121 through 122.

55. Defendants deny each allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Defendants Shaw and Chief Jackson are entitled to qualified immunity.

3. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

4. Defendant City of Columbus has no _respondeat superior_ liability.

5. Plaintiffs have failed to mitigate their damages.

6. All Defendants are entitled to all applicable immunities, defenses, set-offs, and limitations on liability that are set forth in Chapter 2744 of the Ohio Revised Code.

7. Plaintiffs' claims for relief in tort are barred in whole or in part by the doctrines of contributory negligence and assumption of the risk.

8. The individual Defendants did not act with malice nor was their conduct wanton or reckless.

9. Plaintiffs' claims are barred in whole or in part by the doctrines of res judicata and collateral estoppel.

10. Plaintiffs' claims are fraudulent insofar as the charge against Plaintiff John Douglass for criminal damaging of Defendant Shaw's vehicle on December 21, 2005 was concluded with a disposition of guilty.

11. The City of Columbus cannot be held liable for punitive damages.

Respectfully submitted,

CITY OF COLUMBUS, DEPARTMENT OF LAW
RICHARD C. PFEIFFER, JR., CITY ATTORNEY

/s/ Paula J. Lloyd

_____

Paula J. Lloyd (0033419)
Assistant City Attorney
City Hall
90 West Broad Street
Columbus, Ohio 43215
(614) 645-7385

Trial Attorney for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendants' Answer was served upon Steven D. Rowe and Darren A. McNair, KEMP, SCHAEFFER, ROWE & LARDIERE CO., LPA, 88 West Mound Street, Columbus, Ohio 43215 by electronic filing on January 29, 2007.

              s/s Paula J. Lloyd

              _____
              Paula J. Lloyd